### In re CITY MATTRESS, INC., Debtor.

### Bankruptcy No. 93–13767 B.

United States Bankruptcy Court,
W.D. New York.

Feb. 9, 1994.

Damon & Morey (Daniel Brown, of counsel), Buffalo, NY, for City Mattress, Inc.

Office of U.S. Trustee, Christopher K. Reed, Asst., Buffalo, NY.

CARL L. BUCKI, Bankruptcy Judge.

City Mattress, Inc., the debtor in possession, has moved to employ the law firm of Damon and Morey as its counsel in this Chapter 11 proceeding. In the application for appointment, counsel disclosed that it had received a cash retainer of $15,000, together with a collateral mortgage to secure up to $85,000 of additional fees and disbursements. This mortgage encumbers real property that the debtor leases as tenant for one of its retail outlets. Ownership of the real property rests with a corporation whose stock is owned by the officers and stockholders of the debtor. The Office of the United States Trustee now objects to the proposed appointment on the ground that Damon and Morey has become a stakeholder in the reorganization process and is thereby rendered incapable of exercising independent judgment.

When asked to approve the selection of counsel, a Bankruptcy Court must acknowledge a number of competing ethical and policy considerations.[1] Though mindful of a party's right to select his own counsel, the Court

---

**1.** As noted by Judge Conrad in *In re Kelton Motors, Inc.,* 109 B.R. 641, 650 (Bkrtcy.D.Vt. 1989), these competing interests may include "a party's right to counsel of his own choice, *Emle Industries, Inc. v. Patentex, Inc.,* 478 F.2d 562, 564–65 (2d Cir.1973); the needs of efficient judicial administration against the potential advantage of immediate measures, *Board of Education* of the City of New York v. Nyquist, 590 F.2d 1241, 1246 (2d Cir.1979); the lawyer's duty to maintain the confidences of his clients, *Evans v. Artek Systems Corp.,* 715 F.2d 788, 791 (2d Cir.1983); and, the client's expectation that a lawyer will exercise independent judgment on its behalf. See, *Trone v. Smith,* 621 F.2d 994 (9th Cir. 1980)."

must remain committed to fulfilling the highest standards of professional conduct. For example, section 327 of the Bankruptcy Code mandates that an estate employ only professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." The concept of disinterestedness, however, is a goal that professionals can only achieve in an imperfect form. Much like the concept of absolute zero in physics, attorneys are unlikely to ever attain a state of absolute disinterestedness. Indeed, the mere expectation of compensation will necessarily create some degree of self interest. Except possibly in the context of pro bono representation, the employment of counsel will always create a relationship that is potentially adverse as to the issue of compensation. Surely, the willingness to pay will never exceed the desire for payment. Just as the temperature may be cold but not absolute, so too, an attorney may be disinterested despite the reasonable desire to protect an entitlement to compensation. Disinterestedness requires not perfection, but the absence of such adverse interests as might preclude counsel from generally exercising independent judgment.

The adequate assurance of reasonable compensation is a vital safeguard of a professional's independent judgment. Without such assurance, the professional becomes a potential creditor for whom the risk of non-payment creates an inevitable proclivity for diminished enthusiasm. Creditor status tempts the professional to consider not only the best interest of the client, but also the likely impact upon the professional's own recovery of monies due or to become due. Although some such risk is inherent in the concept of representation by counsel of one's own selection, the court cannot ignore the pressures placed upon attorneys who perform services without assurances of full compensation. Fortunately, most attorneys reflect the highest ideals of their profession by persisting in their diligent representation of bankrupt clients even after circumstances jeopardize the likelihood of compensation for future services. Nevertheless, we should respond favorably to arrangements for reasonable retainers that are fairly designed to minimize professional risks. Such safeguards not only promote the exercise of independent judgment in a particular case, but they also enhance the willingness to tolerate the occasional situation in which compensation cannot be assured.

In the present instance, this Court is asked to sanction a retainer arrangement that includes a substantial mortgage on property that the debtor in possession uses but does not own. The Office of the United States Trustee accurately observes that the attorneys will thereby become "stakeholders" in property that the debtor's reorganization will undoubtedly impact. This Court disagrees, however, with the Trustee's conclusion that this mortgage necessarily entails a level of conflict that precludes representation.

Law is a difficult and demanding profession. Practicing in an imperfect environment, attorneys nonetheless strive to avoid conflicts of interest. Unfortunately, with respect to issues of professional compensation, the interests of attorneys and clients will pose an inherent and unavoidable potential for conflict. The inclusion of a mortgage into a retainer arrangement should be judged not under absolute standards, but by whether it minimizes or exaggerates this inevitable conflict.

This Court accepts the position which the First Circuit annunciated in *In re Martin*, 817 F.2d 175 (1987), that a Bankruptcy Court must decide on a case by case basis the propriety of a mortgage given to secure legal fees. In the present instance, Damon & Morey propose to undertake representation in a significant chapter 11 case. As of the filing date, the debtor conducted business at twelve locations in New York and Florida. Gross sales exceeded $20 million in 1993. Over 300 creditors share in prepetition claims totalling in excess of $8 million. At this early stage of the proceedings, in anticipation of its appointment, Damon & Morey has already provided substantial representation, including representation with respect to a contested cash collateral dispute. It appears virtually certain that from now to the conclusion of the case, the involvement of counsel will be extensive. To secure what is likely to be a substantial fee for legal servic-

es, the debtor has delivered a retainer of only $15,000. When, as here, the cash retainer is substantially less that the expected fee allowance, counsel is likely to face the situation described earlier, in which the attorneys' independent judgment may become clouded by reason of its status as a major and growing creditor.

This Court must balance the dangers of a limited retainer as against its concerns regarding the impact which a mortgage will also impose upon the independent judgment of counsel. In the present instance the mortgage encumbers property owned not by the debtor, but by its principal. The property is only one of twelve locations that the debtor operates and does not appear to be essential to the debtor's reorganization. Although counsel may have some concern with regard to the status of the debtor's lease of that property, it is the property itself which provides the basic security for the attorneys. Because Damon & Morey looks to the property owners for security but not for payment, the firm has no direct stake in the affirmation or rejection of the lease. Rather, the firm's greater interest is to achieve a successful reorganization that will enhance the ability of the debtor, as sole obligor, to satisfy such allowances as shall hereafter be granted by this Court. On balance, the dangers arising from delivery of the mortgage are less than the risks that result from an inadequate retainer.

Everyone connected with the judicial process would surely prefer if fee considerations were never present, but they are. As against the background of this case, the delivery of a mortgage is not only acceptable, but in the best interest of the estate. Accordingly, the application for appointment of Damon & Morey as counsel for the debtor, conditioned on its receipt of a mortgage, is hereby approved.

So Ordered.